IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

---

TRUTH TECHNOLOGIES INC.,

    Plaintiff,

v.

JONATHAN ARNOLD, JAMES HUGHES,
PATRICK BRANNEN, CHANDRA MOULI
a/k/a CHANDRAMOULI
GANGABAI/NATARAJAN,
KEITH FRITZ,
ANDREW PUCKETTE,
DIANE ACKERMAN a/k/a DIANE RUDNET,
eSPEAR FOUNDING PARTNERS I LLC,
eSPEAR FOUNDING PARTNERS II LLC,
eSPEAR FOUNDING PARTNERS III LLC,
eSPEAR FOUNDING PARTNERS IV LLC,
eSPEAR LLC, and
eSPEAR MANAGEMENT PARTNERS LLC,

    Defendants.

Case No. 17-cv-00833 (LO)(JFA)

---

### DECLARATION OF PATRICK BRANNEN IN OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Patrick Brannen declares as follows:

1. I make this declaration on personal knowledge in opposition to plaintiff Truth Technologies Inc.'s (TTI's) motion for a restraining order and for a preliminary injunction.

2. This declaration is addressed solely to TTI's demand, which appears both in its complaint and in its request for a preliminary injunction or restraining order, that defendants be ordered to turn over hardware belonging to TTI. The only hardware specifically mentioned in the complaint is an "Owl" server. The word "Owl" refers to a Linux server.

3. I worked at TTI as a developer starting in 2004 until I was laid off in August 2005. Immediately after I was laid off, TTI asked me to be an outside consultant performing development work, and I agreed. At some point, TTI needed me to become a W-2 employee to pass their SOC2 audit, and I agreed and continued to perform the same work. In April 2013, I reverted to consultant status. On June 16, 2014, I returned to TTI as a full time employee with the title of Chief Technology Officer. On August 31, I was promoted to Senior Vice President of Software Development. I often worked from home, and for that reason, in the basement of my house, I have an Owl server that belongs to TTI. Having the server located physically close to where I was working reduced network delay when I updated and tested new software. After I left TTI's employment, on or about March 31, 2017, I asked that TTI come and retrieve its computer.

4. The Owl server is approximately 3' by 3' by 1' and weighs about 100 pounds. It is too heavy for me to move, and I am unwilling to allow an uninsured employee of TTI who is untrained and inexperienced in moving heavy equipment to enter my house and attempt the move. I therefore asked TTI to hire a reputable, insured moving company to remove the Owl server from my home.

5. In the alternative, I offered that I would revert to a procedure previously mandated by Dave Olenzak, then President of TTI, and performed by a Cayman-based consultant in 2010: drill holes in the Owl's hard drives and donate the computer to charity.

6. Attached to the complaint as Exhibit 3 is an email dated July 12, 2017, in which I reiterated my demand to TTI that it hire a reputable company to remove the server from my home.

7. To date, TTI has not hired a moving company to pick up the Owl, nor has TTI instructed me to disable the hard drive and donate the machine to charity. It remains at my house, awaiting retrieval by TTI.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 2, 2017

Patrick Brannen